## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PHILLIP KNIGHT**                                               **CIVIL ACTION**

**VERSUS**                                                       **NO. 08-3727**

**PAUL D. CONNICK, JR.**                                         **SECTION "A" (6)**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable to cases filed pursuant to 28 U.S.C. §2241, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the petition and other supporting record documents, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

Petitioner, PHILLIP KNIGHT is a state pre-trial detainee[1] currently charged but not yet tried by the Jefferson Parish District Attorney's office with the 2002 second degree murder of his 67 year-old father. *State v. Phillip Knight*, 24th Judicial District Court, Docket No. 00-6148. In the instant federal *habeas* petition, Knight raises as a ground for relief that the State is allegedly withholding evidence from him.

Although petitioner has filed his claims for federal habeas relief on the form reserved for applications brought pursuant to Title 28, United States Code, Section 2254, since petitioner has not yet been convicted, his petition for relief is properly treated under Title 28, United States Code, Section 2241.[2] While this Court clearly has jurisdiction pursuant to Section 2241(c)(3) to issue a writ of habeas corpus before a judgment is rendered in a criminal proceeding, two related concerns prevent this Court from addressing the merits of his claim. First, petitioner must exhaust his state court remedies in order for this Court

---

[1] The Court has contacted the Jefferson Parish District Attorney's office and obtained a copy of the state court docket master and other supporting court documents, which indicate that Knight has yet to be tried on the charges facing him due to hearings and proceedings held to determine whether the defendant is competent to proceed to trial. These documents are filed into the federal record. The record indicates that Knight was committed for some time to Feliciana Forensic Facility for evaluation and treatment. According to the Jefferson Parish District Attorney's office, trial is currently set for Mr. Knight for June 30, 2008. Ms. Katherine M. Guste, Attorney-at-law, was also contacted by the court. Ms. Guste reported that she is still representing Knight in his state court criminal proceedings. A sanity hearing/status hearing was last held on June 18, 2008 in the state district court. Ms. Guste further verified that Knight is currently awaiting trial in Jefferson Parish, with a June 30, 2008 trial date.

[2] Title 28 U.S.C. §2254 only affords relief to a petitioner "in custody pursuant to the judgment of a state court." Because petitioner has not yet been tried on the subject charges, no state court judgment has been rendered. Section 2241(c)(3), however, extends the writ of *habeas corpus* to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States". Petitioner herein clearly meets the "in custody" requirements of the Section 2241 provision.

to entertain his claims; and, second, a federal habeas court should abstain from ruling on the merits of petitioner's claims when he still has the possibility of being "vindicated" by an acquittal at a state trial. For the following reasons, this Court finds that petitioner has not exhausted his state court remedies and has raised a claim which, in the interest of federal-state comity, is premature for a federal court to address on habeas review.

Although there is no reference to an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved either by trial on the merits in the state court or by some other state procedures available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92, 93 S.Ct. 1123, 1127-29, 35 L.Ed.2d 443 (1973). The exhaustion doctrine of Section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225 (citations omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Within the context of a Section 2241 action, this exhaustion requirement is obviated only if "special circumstances" exist.

*Dickerson,* 816 F.2d at 225 (citing *Braden,* 410 U.S. at 489, 93 S.Ct. at 1127); *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir.), *cert. denied*, 421 U.S. 966, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975). *See also Ex parte Royall*, 117 U.S. 241, 251-52, 6 S.Ct. 734, 29 L.Ed. 868 (1886)(narrowly interpreting such "special circumstances" to cases of "great urgency", for example, where a delay in adjudication may strain foreign relations or where a prisoner is in state custody for an act done under the authority or title commissioned upon him by the United States.)

In this case, the interests of comity and abstention recognized in the above noted cases would be offended if this Court were to address petitioner's claim. Federal habeas jurisdiction is properly exercised when a state pre-trial detainee is attempting to enforce his right to have the state bring him promptly to trial and should not be used in an attempt to "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Dickerson*, 816 F.2d at 226. Although there has been a considerable delay in bringing Knight to trial due to his sanity and competency to proceed at trial being in question, Knight does not claim a violation of his speedy trial rights. Instead he claims that the state is "withholding" evidence ( presumably exculpatory evidence) from him. Additionally, review of Knight's petition further reveals that he has not challenged his current detention before the highest state court.[3] Petitioner has not exhausted

---

[3]The Court has contacted the Clerk for the Louisiana Supreme Court who confirmed that petitioner has not filed any pleadings with that court. Moreover, petitioner concedes on page 1 of his petition that he has

4

his state court remedies as the highest state court has not had an opportunity to pass upon and correct any alleged violations of petitioner's constitutional rights.[4]  Federal intervention at this juncture would only serve to "disrupt the orderly functioning of the state judicial processes." *See, Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).  Therefore, the Court recognizes petitioner's failure to exhaust *sua sponte*.[5]    Accordingly, it is recommended that petitioner's application for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Phillip Knight for issuance of a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after

---

not yet been convicted and has only sought relief from the Louisiana Court of Appeal, Fifth Circuit rather than from the Louisiana Supreme Court.(see pages 3- 4 of petition, questions 9 and 10); see *State v. Knight*, Writ 08-K-317 (La. App. 5th Cir, April 8, 2008), a copy of which is attached to Knight's federal petition. Rule 4 of the Rules Governing Section 2254 Cases provides,"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[4]Petitioner has also failed to demonstrate  that  "special circumstances" exist which warrant a waiver of the exhaustion requirement.

[5]The State was not ordered to file a response or a complete state court record since the petitioner's application and the court's independent inquiry to the Louisiana Supreme Court are sufficient to determine that the claim raised by petitioner has not been exhausted.

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

    New Orleans, Louisiana, this __24th__ day of _____June_____, 2008.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE